<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL SARMIENTO, ET AL., | |
| Plaintiff, | Civil Action No. 10-2042 (JLL) |
| v. | |
| ST. MARY'S HOSPITAL PASSAIC, ET AL., | OPINION |
| Defendants. | |

**I.　INTRODUCTION**

This matter comes before the Court on the motion of the plaintiff for leave to serve process by substituted service upon a defendant's insurer.  For the reasons set forth below, the motion is denied without prejudice.

**II.　BACKGROUND**

On April 25, 2008, Miguel Sarmiento was making a delivery at St. Mary's Hospital when he slipped, fell, and sustained serious injuries.  (Third Am. Compl. at 2 ¶ 8, 3–4 ¶¶ 1, 8, Feb. 27, 2012, ECF No. 58.)  Allegedly, various defendants acted negligently in regard to a loading dock where Sarmiento made his delivery.  (<u>Id.</u> at 3–4 ¶¶ 2–8.)  The defendant in question, Orosman Baquero, allegedly lowered a square metal platform and thereby somehow contributed to a dangerous condition that caused the accident.  (<u>See id.</u> 3–4 ¶ 5.)

On February 27, 2012 Miguel Sarmiento and his spouse, Martha Sarmiento, filed an action for negligence and loss of services, consortium and companionship.  (<u>Id.</u> at 4 ¶ 8, 5 ¶ 3,

6 ¶¶ 2–3.) On February 27, 2012, the plaintiffs filed a Third Amended Complaint, adding Baquero as a defendant. (See Third Am. Compl., ECF No.58) The plaintiffs have unsuccessfully attempted to serve Baquero and now move for the Court to allow substituted service on Baquero through his insurer, Chartis Insurance Company. (See Mot. for Substituted Serv., May 21, 2012, ECF No. 68.)

The plaintiffs' counsel certifies its attempts to serve Baquero as follows:

1. "Numerous attempts" were made to serve Baquero, but the supporting exhibit specifies only one date of service, March 29, 2012. (Certification of Michael A. Gallardo ¶ 6, May 21, 2012, ECF No. 68; Ex. A., May 21, 2012, ECF No. 68-1.) The exhibit is an unsigned status report from a process server indicating that defendant is "unknown at address." (Ex. A., ECF No. 68-1.)

2. On April 6, 2012, a "skip trace" was conducted by a detective agency that discovered a new address for Baquero. (Certification of Michael A. Gallardo, Esq. ¶ 7, ECF No. 68; Ex. B, ECF No. 68-2.)[1]

3. On April 21, 2012, service was unsuccessfully attempted at a new address. The process server's affidavit states that a current resident informed him that Baquero left the country over a year and a half ago. (Certification of Michael A. Gallardo, Esq. ¶ 8, ECF No. 68; Ex. C, ECF No. 68-3.)

**III. DISCUSSION**

Federal Rule of Civil Procedure 4(e) provides that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Under New Jersey law, personal service is the primary method of effecting service. See N.J. Ct. R. 4:4-4(a), 4:4-5(a). New Jersey Court Rules 4:4-3 and 4:4-4(a) prescribe the methods

---

[1] The plaintiff's brief states that an unsuccessful "postal search" was conducted on April 3, 2012, but this event was not included in counsel's certification so it will not be considered here. (Mot. for Substituted Serv. at 1, May 21, 2012, ECF No. 68.)

of effecting personal service within the state.  Substitute or constructive service, however, is permitted when personal service within the state cannot be effected.  See N.J. Ct. R. 4:4-4(b), 4:4-5.  Substituted or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b).  See N.J. Ct. R. 4:4-5(a); 4:4-4 (b)(1) (cross-referencing Rule 4:4-5(b)); N.J. Ct. R. 4:4(b)(3) (noting that service by a court order consistent with due process is precluded  "[i]f service can be made by any of the modes provided by this rule"); see also Garrett v. Matisa, 394 N.J. Super. 468, 475–76 (N.J. Super. Ct. Ch. Div. 2007) (using affidavit requirement in Rule 4:4-5 as model for unique notice issue).

Diligence has no fixed standard.  See Modan v. Modan, 327 N.J. Super. 44, 48 (App. Div. 2000).  When considering diligence, the Court conducts a fact-sensitive inquiry "measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." Id. (internal citation and quotation marks omitted).  Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action.  Id. at 48–49 (collecting cases). Generally, a diligent effort will include several attempts at service in addition to broad investigative efforts such as searching public databases, tax records, voter registrations, credit records, divorce records, death records, and general Internet inquiries.  See Prudential Ins. Co. of America v. Holladay, Civ. No. 07-5471, 2008 WL 1925293, at *3 (D.N.J. Apr. 30, 2008); Schneider Nat., Inc. v. Schneider Movers, Inc., Civ. No. 10-140, 2010 WL 1490593, at *3 (D.N.J. Apr. 12, 2010) (stating that "[i]t is common for counsel to undertake broader investigative efforts to locate parties, such as conducting Internet 'people finder' searches; utilizing an investigator; or searching voter registration records").  The affidavit supporting the motion for substituted service should provide a detailed

record of what actions were taken and when, to enable the Court to determine whether the efforts were sufficiently diligent to pass muster. Prudential, 2008 WL 1925293 at *3–4.

In New Jersey, it may be acceptable to serve a defendant's insurance company as a form of substituted service. See Feuchtbaum v. Constantini, 59 N.J. 167 (1971). The substituted service must still comport with due process mandates, that is, it must be reasonably calculated under the circumstances to apprise the parties involved of the proceeding. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950). In Feuchtbaum, the New Jersey Supreme Court considered four factors to determine whether substituted service upon an insurer is appropriate: (1) the plaintiff's need, (2) the public's interest, (3) the diligence of plaintiff's attempts at service, (4) and the defendant's interests. Feuchtbaum 59 N.J. at 177–79; see, e.g., Bances v. Valdiviezo, No. L-9197-05, 2006 WL 3199193, at *2 (N.J. Super. Ct. Law Div. Nov. 3, 2006).

While the record indicates that the plaintiffs have undertaken efforts towards serving Baquero, the Court requires a better record to permit the requested substituted service. First, the plaintiffs' motion for substituted service does not address the four factors in Feuchtbaum. (Mot. for Substituted Serv., ECF No. 68.) Instead, the plaintiffs merely cite to Feuchtbaum as proof that substituted service upon an insurer is acceptable in New Jersey. (Id.) Although the Court agrees that Feuchtbaum permits substituted service, Feuchtbaum also makes clear that substituted service is an extraordinary remedy requiring a well developed record to justify its applicaton. Therefore, any renewed motion by the plaintiff should specifically address the Feuchtbaum

4

factors.[2]

Second, the present record appears to be incomplete and fails to demonstrate diligence. The plaintiff states that "numerous attempts" were made to serve the defendant at the first address in their possession, but the supporting attachment indicates only a single attempt at service. (Certification of Michael A. Gallardo, Esq. ¶ 6, ECF No. 68; Ex. A, ECF No. 68-1.) Accordingly, the Court cannot credit the plaintiffs with "numerous" attempts at service. Similarly, the plaintiffs provide evidence of ordering a "skip trace" through a detective agency which resulted in a new address for defendant (Certification of Michael A. Gallardo, Esq. ¶ 7, ECF No. 68; Ex. B, ECF No. 68-2), but there is insufficient information as to what the trace entailed, thus precluding consideration of how broad or comprehensive the search was. See Prudential, 2008 WL 1925293, at *3 (denying motion for substitute service where the plaintiff generally asserted performing two background checks but did not "indicate whether or not it reviewed publicly available data bases, tax records, voting rolls, criminal history records, credit records, telephone directories, divorce records, or death records or conducted internet inquiries"); M & D Assoc. v. Mandara, 366 N.J. Super. 341, 353–55 (App. Div. 2004) (stating that inquiry that included search of tax rolls, voting records, and telephone directories was insufficient and requiring additional efforts such as database research and certifications from custodians of voting and driving records). Furthermore, there is too little information regarding the attempted service on April 21, 2012, where "the current resident" told the process server that the defendant had left the country a year and a half ago. (Certification of Michael A. Gallardo, Esq. ¶ 8, ECF No. 68;

---

[2] For example, in Feuchtbaum, the court observed that "plaintiffs conducted ample investigations which exhausted all leads." Feuchtbaum, 59 N.J. at 171. The record presently before this Court does not compel the same conclusion.

Ex. C, ECF No. 68-3.) For instance, if the location was an apartment then the leasing office may have follow-up information. Likewise, if the location was a home then the real estate broker might be contacted. Finally, the plaintiffs have not indicated an attempt to contact the insurance company itself to ascertain whether it has current contact information for Baquero.

### IV. CONCLUSION

For the reasons above the Court denies the plaintiff's motion for substituted service without prejudice. The Court shall issue an order consistent with this opinion.

s/*Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Date: July 10, 2012