<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MIGUEL SARMINETO and MARTHA P. SARMIENTO,<br><br>    Plaintiffs,<br><br>v.<br><br>ST. MARY'S HOSPITAL PASSAIC, NJ, et al.,<br><br>    Defendants. | Civil Action No. 10-2042 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge**.**

  This matter comes before the Court by way of Defendant Velocity Express Leasing, Inc. ("Velocity" or "Defendant")'s motion for summary judgment. (CM/ECF No. 76.) The Court has considered the submissions made in support of and in opposition to Defendant's motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Velocity's motion is denied.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

  The following relevant facts are taken from the Complaint and the parties' submissions, and are accepted as true for purposes of this motion.

  On April 25, 2008, Plaintiff Miguel Sarmiento ("Sarmiento") was unloading his commercial vehicle at St. Mary's Hospital in Passaic, New Jersey while making a delivery on behalf of his employer, Ace Endco. (*See* Fourth Am. Compl. at 3, ¶ 1; CM/ECF No. 79-1 at 58.) At the same time as Sarmiento was making his delivery, Orsoman Baquero ("Baquero") was also

1

on the loading dock making a delivery on behalf of Velocity, a company that delivers medical supplies to hospitals.  (*See* CM/ECF No. 76-1 at 7.)  Unbeknownst to Sarmiento, as he was unloading his vehicle, Baquero lowered a mechanical platform on the loading dock that created a hole on the dock.  (*Id.*)  Sarmiento subsequently fell into the hole, suffered serious head injuries, and lost consciousness.  (CM/ECF No. 79 at 24-25.)  No accident or incident report existed as of April 25, 2008.  (*See id.* at 25.)

On December 17, 2009, Sarmiento filed a Complaint against St. Mary's and fictitious defendants alleging three counts of negligence.  (CM/ECF No. 79-1 at 16.)  Sarmiento voluntarily dismissed this Complaint without prejudice on December 23, 2009 upon learning that there was an automatic stay in place as to St. Mary's as a result of a Chapter 11 Bankruptcy filing in March 2009.  (CM/ECF No.79-1 at 23.)  On January 28, 2010, Sarmiento filed a motion for relief from the automatic stay, (*see* CM/ECF No. 79-1- at 23), and in March 2010 entered into a consent order to lift the automatic stay with bankruptcy counsel for St. Mary's.  (CM/ECF No. 79 at 6.)

On April 22, 2010, Sarmiento and Martha P. Sarmiento (collectively "Plaintiffs") filed a second Complaint (the "Original Complaint") against St. Mary's and fictitious defendants alleging three counts of negligence, and one count of loss of services, consortium and companionship.  (CM/ECF No. 79-1 at 35-39.)  In relevant part, the Original Complaint described the fictitious defendants as "unknown individuals and entities" who were "responsible for the maintenance, service, repair, and cleaning of said premises and the business thereon including loading dock."  (CM/ECF No. 79-1 at 36.)  The Original Complaint also alleged that "Defendants negligently owned, operated, managed, supervised, maintained, serviced, repaired,

2

cleaned, and/or controlled said premises and the business thereon including loading dock." (*Id.* at 36-37.)

On January 5, 2011, in its amended answers to Plaintiffs' interrogatories, St. Mary's informed Plaintiffs for the first time that AmeriSource, a provider of medical supplies, was also making a delivery on the loading dock at the time of Sarmiento's accident. (*See* CM/ECF No. 79-1 at 59; CM/ECF No. 79 at 7.)[1] Shortly thereafter, on February 1, 2011, Plaintiffs filed an Amended Complaint to substitute AmeriSource for one of the fictitious defendants. (*See* CM/ECF No. 79-1 at 62.)[2]

Approximately two months later, on April 14, 2011, AmeriSource's counsel informed Plaintiffs that AmeriSource had contracted Velocity's services on the date of Sarmiento's injuries, and that the driver who made AmeriSource's delivery was a Velocity employee. (*See* CM/ECF No. 79 at 27.) Plaintiffs subsequently filed a Second Amended Complaint on April 20, 2011, substituting Velocity for a fictitious defendant. (CM/ECF No. 79-1 at 75.) Unbeknownst to Plaintiffs, Velocity had filed for bankruptcy in September 2009 in the District of Delaware. (CM/ECF No. 79 at 28; CM/ECF No. 79-1 at 85.) As a result, the Court stayed this litigation on June 20, 2011. (CM/ECF No. 79-1 at 83.)

Thereafter, Plaintiffs obtained the services of legal counsel in Delaware and moved for relief from the automatic stay in place as to Velocity on August 11, 2011. (CM/ECF No. 79 at 28.) The Honorable Mary F. Walrath, U.S.B.J., granted Plaintiffs' motion on November 1, 2011. (CM/ECF No. 79-1 at 92.) So that the instant litigation may proceed with discovery, this Court then lifted the stay it had ordered on June 20, 2011. (CM/ECF No. 79-1 at 106.) Through

---

[1] St. Mary's had not identified any other parties with relevant information in its initial Rule 26 disclosures or in its original responses to Plaintiffs' interrogatories. (*See* CM/ECF No. 79 at 20.)

[2] On April 17, 2012, Plaintiffs voluntarily dismissed the Complaint as to AmeriSource. (CM/ECF No. 65.)

Velocity's counsel, Plaintiffs were then able to identify Baquero as the Velocity employee who made AmeriSource's delivery on the date of Sarmiento's accident. (CM/ECF No. 79 at 9.) On February 27, 2012, Plaintiffs filed a Third Amended Complaint to substitute Baquero for a fictitious defendant. (CM/ECF No. 79-1 at 116.)

On August 10, 2012, Velocity moved for summary judgment alleging that Plaintiffs' claims are time-barred by New Jersey's two-year statute of limitations for personal injury actions. (CM/ECF No. 76.) On September 5, 2012, this Court Ordered that Velocity's motion for summary judgment be administratively terminated, pending this Court's determination as to whether it has subject matter jurisdiction over the instant matter. Plaintiffs subsequently set forth the exact basis of federal subject matter jurisdiction to this Court's satisfaction, and filed a Fourth Amended Complaint in accordance with this Court's Order dated October 9, 2012. The Court subsequently reinstated Velocity's motion for summary judgment.

## II.     LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must first demonstrate that there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 265 (1986). Courts construe facts and inferences in the light most favorable to the non-movant in order to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could find for the non-moving party. *Id.* at 248. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary

4

judgment may be granted." *Id.* at 249-50 (citations omitted). "Thus, if a reasonable fact finder could find in the nonmovant's favor, then summary judgment may not be granted." *Norfolk Southern Ry. Co. v. Basell USA Inc.*, 512 F.3d 86, 91 (3d Cir. 2008).

### III. DISCUSSION

New Jersey law provides a two-year statute of limitations for personal injury actions such as the one at issue in this case. *See* N.J.S.A. § 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued."). In this case, there is no dispute that the Original Complaint was filed within the two-year statute of limitations.

Velocity, nevertheless, argues that Plaintiffs' claims against it are time-barred because Velocity was not specifically named as a defendant until after the two-year statute of limitations had expired. (CM/ECF No. 76-1 at 11.) Plaintiffs contend that pursuant to Fed. R. Civ. P. 15(c) (i.e., the "relation back" rule) and N.J. Ct. R. 4:26-4 (i.e., the "fictitious defendant rule"), their claims against Velocity are not time-barred because the Second Amended Complaint, which specifically named Velocity as a defendant for the first time, relates back to the timely filed Original Complaint. (*See* CM/ECF No. 79 at 13.)

In determining whether the Second Amended Complaint relates back to the Original Complaint, the Court has considered the following issues which the parties have raised: (1) whether the relation back rule may apply in this case; (2) whether the Federal Rules of Civil Procedure allow for Plaintiffs' invocation of New Jersey's fictitious defendant rule; and (3) whether Plaintiffs have satisfied the requirements for invoking the fictitious defendant rule.

### A.   Applicability of Fed. R. Civ. P. 15(c)

Under Fed. R. Civ. P. 15(c)(1),

> [a]n amendment to a pleading relates back to the date of the original pleading when (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; **or** (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity.

(emphasis added).

Velocity argues that Plaintiffs may not invoke Fed. R. Civ. P. 15(c) because they do not seek "to substitute a new defendant for a litigant that had been served prior to the expiration of the statute of limitations." (*See* CM/ECF No. 76-1 at 8.)  Velocity also argues that Plaintiffs have failed to satisfy the notice requirements of Fed. R. Civ. P. 15(c)(3).[3] (*See* CM/ECF No. 8, 19-23.)

Velocity's argument is without merit because it overlooks the plain language of Fed. R. Civ. P. 15(c)(1)(A), which allows an amended complaint to relate back to the original filing when "the law that provides the applicable statute of limitations allows relation back." This language was added by amendment in 1991 "to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law." *See* Notes of Advisory Committee on 1991 Amendments to Rules, Fed. R. Civ. P. 15, subdivision

---

[3] Fed. R. Civ. P. 15(c)(3) does not exist as of the 2007 amendments to the Federal Rules of Civil Procedure. The Court assumes that Velocity intended to argue that Plaintiffs have not satisfied the notice requirement under Fed. R. Civ. P. 15(c)(1)(C). As discussed in this section, Velocity's argument is without merit because Fed. R. Civ. P. 15(c)(1)(A) allows relation back even if the notice requirements of Fed. R. Civ. P. 15(c)(1)(C) are not satisfied.

6

(c)(1). It is apparent, therefore, that the applicability of Fed. R. Civ. P. 15(c) is not as limited as Velocity would have this Court believe. Accordingly, the Court now turns to whether, in accordance with Fed. R. Civ. P. 15(c), Plaintiffs may invoke New Jersey's fictitious defendant rule to relate the Second Amended Complaint back to the timely filed Original Complaint naming fictitious defendants.

### B.     Applicability of New Jersey's Fictitious Defendant Rule Under Fed. R. Civ. P. 15(c)

According to Velocity, Plaintiffs may not invoke New Jersey's fictitious defendant rule to relate the Second Amended Complaint back to the Original Complaint because "the Federal Rules of Civil Procedure do not have an analogous fictitious rule similar to New Jersey's Rule 4:26-4." (CM/ECF No. 76-1 at 12.) Plaintiffs counter that they may invoke the fictitious defendant rule pursuant to Fed. R. Civ. P. 15(c). (*See* CM/ECF No. 79 at 13-14.)

"[A]s a general matter, if New Jersey law would permit the amendment made by plaintiffs after the running of the statute, the federal rules permit the amendment." *Bryan v. Assoc. Container Transp.*, 837 F. Supp. 633, 643 (D.N.J. 1993). In this case, there is no question that New Jersey law—which provides the applicable statute of limitations—allows relation back. *See* N.J. Ct. R. 4:26-4 ("[I]f the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification."); *see also Viviano v. CBS, Inc.*, 101 N.J. 538, 547, 503 A.2d 296, 301 (N.J. 1986) (observing that the fictitious defendant rule "suspends the statute [of limitations] when the plaintiff is unaware of the true identity of the defendant."). It is also beyond question that federal courts within the Third Circuit have recognized that pursuant to Fed. R. Civ. P. 15(c), plaintiffs may avail themselves of New Jersey's fictitious defendant rule to toll the statute of limitations in tort actions. *See DeRienzo v. Harvard Indus.*,

*Inc.*, 357 F.3d 348 (3d Cir. 2004) (holding that plaintiffs' amended complaint naming fictitious defendants related back to timely filing of original complaint pursuant to Fed. R. Civ. P. 15(c)); *see also Carroll v. Setcon Indus.*, No. 10-04737, 2011 U.S. Dist. LEXIS 17931 (D.N.J. Feb. 23, 2011) (same).

For these reasons, Velocity's argument that Plaintiffs may not invoke the fictitious defendant rule under the Federal Rules of Civil Procedure is untenable. Therefore, the only issue left for the Court to consider is whether Plaintiffs have satisfied the requirements for invoking the fictitious defendant rule.

### C. Requirements for Invoking the Fictitious Defendant Rule

The Appellate Division of New Jersey's Superior Court has summarized the requirements for invoking the fictitious defendant rule as follows:

> First, the plaintiff must not know the identity of the defendant said to be named fictitiously. Second, the fictitiously-named defendant must be described with appropriate detail sufficient to allow identification. Third, a party seeking to amend a complaint to identify a defendant previously named fictitiously must provide proof of how it learned the defendant's identity. Fourth, although not expressly stated in the Rule, it is well-settled that the Rule is unavailable to a party that does not act diligently in identifying the defendant.

*See Andreoli v. State Insulation Corp.*, No. A-2636-10T4, 2011 N.J. Super. Unpub. LEXIS 2504, at *9-*10 (App. Div. Oct. 5, 2011).

Velocity contends that Plaintiffs have failed to meet two out of the four aforementioned requirements, namely, that (1) the Original Complaint did not describe Velocity with sufficient specificity to allow identification, and (2) Plaintiffs failed to exercise due diligence to identify Velocity. The Court will address each of these arguments in turn.

      **a.**      **Specificity of Descriptions in the Original Complaint**

According to Velocity, the Original Complaint lacked a sufficiently specific description for its identification as a defendant because it did not reference "any entity involved with a vehicle making a delivery to the subject loading dock or arranging for such a delivery." (*See* CM/ECF No. 80 at 14.) Velocity asserts that the Original Complaint is "limited to those entities responsible for the subject loading dock itself and surrounding premises." (*See* CM/ECF No. 76-1 at 16.) Velocity further maintains that Plaintiffs' addition of a John Doe designation in the First Amended Complaint for "owners and drivers of a vehicle making a delivery to defendant, St. Mary's Hospital," makes it "apparent that [P]laintiffs did not anticipate a cause of action against an entity involved with the vehicle making a delivery to St. Mary's Hospital or arranging for such a delivery until the time that the pleading was filed." (CM/ECF No. 80 at 9.)

To support its argument that the Original Complaint's description of the fictitious defendants lacks specificity, Velocity relies primarily on *Lawrence v. Bauer Publishing*, 78 N.J. 371, 396 A.2d 569 (N.J. 1979) and *Rutkowski v. Liberty Mut. Ins. Co.*, 209 N.J. Super. 140, 506 A.2d 1302 (App. Div. 1986).

In *Lawrence*, the plaintiffs brought a libel action against a John Doe fictitious defendant described as the "composer and writer" of the allegedly libelous story. 78 N.J. at 373. After the applicable statute of limitations had elapsed, the plaintiffs discovered the source of the story and amended their complaint to substitute the source for John Doe. *Id.* The court held that the plaintiffs' claims against the source were time-barred because the John Doe description of "composer and writer" in the original complaint did not adequately describe the "source" of the story. *Id.* at 376.

In *Rutkowski*, the plaintiffs brought a personal injury action against fictitious defendants described as "the designers of, manufacturer of, seller of, distributor of, repairer of, modifier and/or renovator of, or . . . otherwise responsible" for the machine that caused the plaintiff's injuries. 209 N.J. Super. at 142. After the statute of limitations had expired, the plaintiffs filed a parallel action against two insurance companies, alleging that they were negligent in inspecting the injurious machine. The plaintiffs then moved to consolidate the litigation against the insurance companies with the previously filed action. *Id.* The court denied the plaintiff's motion and dismissed the complaint against the insurance companies on statute of limitations grounds, holding that the description of the fictitious defendants in the original complaint did not evince plaintiff's intent to "make a claim for negligent safety inspections." *Id.* at 143.

Plaintiffs argue that unlike the plaintiffs in *Lawrence* and *Rutkowski*, they have not attempted to substitute a party beyond the scope of the description of the fictitious defendants provided in the Original Complaint. This Court agrees.

The New Jersey Supreme Court has instructed that the fictitious defendant rule must be applied liberally when "justice impels strongly toward affording plaintiffs their day in court." *See Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111, 299 A.2d 394, 400 (N.J. 1973); *see also Viviano*, 101 N.J. at 556 (permitting amended complaint to relate back despite plaintiff's failure to even designate a fictitious party in the complaint). "The specificity determination lies in whether the description of the fictitious defendants in the original pleading evinces the plaintiff's intention to bring a cause of action against the defendants later identified in the original complaint." *See Carroll*, 2011 U.S. Dist. LEXIS 17931, at *11 (citing *Jarusewicz v. Johns-Manville Prods. Corp.*, 188 N.J. Super. 638, 645, 458 A.2d 156 (Law Div. 1983)). When determining whether plaintiffs have described fictitious defendants with sufficient specificity to

invoke the fictitious defendant rule, courts should not hesitate to "look at the pleading as a whole . . . in gauging to whom the plaintiff had intended the fictitious label to refer." *See Carroll*, 2011 U.S. Dist. LEXIS 17931, at *11 (citing *Viviano*, 101 N.J. at 554).

Applying these principles to this case, this Court concludes that the Original Complaint's description of the fictitious defendants sufficiently describes Velocity as a "John Doe" or "ABC Corp." that negligently "operated" and "serviced" the loading dock on the date of Sarmiento's injury. As Velocity points out, the Original Complaint could have more precisely described Velocity as a fictitious defendant that owned or drove "a vehicle making a delivery" to St. Mary's. (CM/ECF No. 76-1 at 14-15.) This fact, however, is not fatal to Plaintiffs' invocation of the fictitious defendant rule because the Original Complaint evinces Plaintiffs' intent to bring an action against defendants who, like Velocity, "serviced" and/or "operated" the loading dock on the date of the accident. *See Carrol,* 2011 U.S. Dist. LEXIS 17931, at *11; *see also Viviano*, 101 N.J. at 552-53 (construing complaint liberally where fictitious party "could have been more precisely drawn.").

A reading of Plaintiffs' description of the fictitious defendants within the context of the Original Complaint as a whole compels this Court to conclude that Plaintiffs have satisfied the specificity requirement for invoking the fictitious defendant rule.

  b. **Due Diligence**

"The New Jersey Supreme Court has not provided a standard definition of diligence since the meaning of due diligence will vary with the facts of each case." *See DeRienzo*, 357 F.3d at 354 (quoting *O'Keeffe v. Snyder*, 83 N.J. 478, 416 A.2d 862, 873 (N.J. 1980)). Generally, however, a plaintiff must "investigate all responsible parties in a timely manner to cross the threshold for due diligence." *See Matynska v. Fried*, 175 N.J. 51, 811 A.2d 456, 457 (N.J. 2002).

11

"The threshold for sufficient diligence [within the meaning of N.J. Ct. R. 4:26-4] is met when a plaintiff consistently takes steps to identify a defendant's name before and after filing a complaint." *See Carroll v. Setcon Industries, Inc.*, No. 10-4737, 2012 WL 3229159, at *5 (D.N.J. Aug. 6, 2012). Courts should broadly interpret the diligence requirement as one of a "good faith effort by plaintiff to determine the fictitious party's identity." *See Carroll*, 2011 U.S. Dist. LEXIS 17931, at *19 (citing *Farrell*, 62 N.J. at 120).

Velocity argues that Plaintiffs could not have possibly satisfied the threshold for sufficient diligence because they "were not even aware of a cause of action against Velocity Express until after the statutory period had expired." (CM/ECF No. 76-1 at 19.) To support this argument, Velocity relies primarily on *Greczyn v. Colgate-Palmolive*, 183 N.J. 5, 869 A.2d 866 (N.J. 2005), a case in which the New Jersey Supreme Court observed that "[t]he purpose of the [fictitious defendant] rule is to render timely the complaint filed by a diligent plaintiff, who is aware of a cause of action against an identified defendant but does not know the defendant's name." *Id.* at 17-18. In Velocity's view, Plaintiffs' purported lack of awareness of a cause of action against it rendered it impossible for Plaintiffs to perform any due diligence to identify Velocity as a defendant.

The problem with Velocity's argument is that it is premised on the assumption that Plaintiffs were, in fact, unaware of a cause of action against it. For the reasons set forth in Section III.C.a of this Opinion, Velocity was sufficiently described as a fictitious defendant in the Original Complaint, which asserted a cause of action against entities that "serviced" and/or "operated" the loading dock on the date of Sarmiento's accident. The fact that Plaintiffs were unable to identify Velocity by name is no reason to bar them from invoking the fictitious defendant rule. In fact, it is precisely for such Plaintiffs that the fictitious defendant rule exists.

*See Mears v. Sandoz Pharmaceuticals, Inc.*, 300 N.J. Super. 622, 630, 693 A.2d 558 (App. Div. 1997) ("The first prerequisite to a fictitious name designation in a pleading is that the true identity of the defendant be unknown to the plaintiff.") (internal quotation marks omitted); *see also Greczyn*, 183 N.J. at 12 (noting that the fictitious defendant rule operates when a plaintiff brings "a specific claim" against "a described, though unnamed party," within the statute of limitations," and the plaintiff "diligently seek[s] to identify the fictitiously-named defendant.").

This case is unlike those upon which Velocity relies to argue that Plaintiffs' due diligence efforts were insufficient.  *See Mears*, 300 N.J. Super. 622; *Greczyn v. Colgate-Palmolive*, No. MID-L-8177-00, 2006 WL 1236695 (App. Div. May 10, 2006).  In *Mears*, the court held that the plaintiff failed to satisfy the due diligence requirement for invoking the fictitious defendant rule because a "simple inquiry" at his job site would have revealed the identity of other defendants prior to the running of the statute of limitations.  *Mears*, 300 N.J. Super. at 630-31.  Similarly, in *Greczyn*, the court held that the plaintiff could not invoke the fictitious defendant rule to bring a tort action against the designer of the staircase on which she fell because she delayed in prosecuting her claim, and failed to make "the simplest of inquiries" that would have allowed her to identify the designer prior to filing suit.  2006 WL 1236695, at *4.

Unlike the plaintiffs in *Mears* and *Greczyn*, the Plaintiffs in this case encountered unique circumstances that made it particularly difficult to identify defendants prior to filing suit. Sarmiento was rendered unconscious after the accident and thus was limited in his ability to help his attorneys identify defendants.  Additionally, there were no witnesses or publicly available sources of information about the accident.  (*See* CM/ECF No. 79 at 17.)  Despite these challenges, Plaintiffs took affirmative action to attempt to identify defendants both before and after filing suit.

13

Within two months of the accident, Plaintiffs' counsel performed an on-site inspection of the loading dock.  (*See* CM/ECF No. 79 at 25.)  Then, on April 22, 2009, Plaintiffs wrote to St. Mary's insurance carrier in an effort to obtain information about Sarmiento's accident, but did not receive any response.  (*Id.*)  After later filing suit against St. Mary's in December 2009, Plaintiffs' efforts to obtain discovery were frustrated by an automatic stay resulting from St. Mary's bankruptcy filing in March 2009.  (*Id.* at 25-56.)  Once Plaintiffs and St. Mary's consented to the lifting of the stay in March 2010, it took approximately nine months and an amendment to St. Mary's responses to interrogatories before Plaintiffs became aware that AmeriSource was present on the loading dock on the date of the accident.  (*Id.* at 27.)  Within a month of learning this, Plaintiffs amended the Original Complaint to name AmeriSource as a defendant on February 1, 2011.  (*Id.*)  Subsequently, on April 14, 2011, Plaintiffs learned through AmeriSource's counsel that AmeriSource had contracted for Velocity's services to deliver medical supplies on the date of the accident.  (*Id.*)  Within two days of learning this fact, Plaintiffs moved to file a Second Amended Complaint, and actually filed their Second Amended Complaint four days later on April 20, 2011.  (*Id.* at 27-28.)

In light of these facts, this Court is satisfied that Plaintiffs attempted in good faith to identify fictitious defendants described in the Original Complaint.  Accordingly, this Court holds that Plaintiffs satisfy the due diligence requirement for invoking the fictitious defendant rule.

## IV.   CONCLUSION

For the foregoing reasons, Velocity's motion for summary judgment is denied.  An appropriate order follows.

Dated: October 23, 2012                                          /s/ Jose L. Linares_____
                                                                                JOSE L. LINARES
                                                                                U.S. DISTRICT JUDGE

14